**Don L. RINCHUSE, Plaintiff,**

v.

**OLD REPUBLIC INSURANCE CO., Defendant.**

**Civ. A. No. 74–946.**

United States District Court,
W. D. Pennsylvania.

Feb. 5, 1975.

James R. Kelley, Greensburg, Pa., for plaintiff.

Richard T. Wentley, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

This case presents the interesting question whether plaintiff is entitled to a jury trial. He seeks the penalty of $50 per day given by 29 U.S.C.A. § 308(b) which reads as follows:

Any administrator of a plan who fails or refuses, upon the written request of a participant or beneficiary covered by such plan, to make publication to him within thirty days of such request, in accordance with the provisions of section 307 of this title, of a description of the plan or an annual report containing the information required by section 305 and 306 of this title, may in the Court's discretion become liable to any such participant or beneficiary making such request in the amount of $50 a day from the date of such failure or refusal.[1]

---

1. § 308(c) goes on to provide:
   Action to recover such liability may be maintained in any court of competent jurisdiction by any participant or beneficiary. The court in such action may in its discretion, in addition to any judgment awarded to the plain-

The amount claimed obviously exceeds twenty dollars, but is the case a "suit at common law"?[2]

The action of debt at common law could undoubtedly be brought to collect a sum certain due under an obligation created by statute.[3]

But the statute involved here does not create an unconditional obligation. The liability to pay arises only "in the court's discretion." This means that the specified payment becomes due only if the Court determines that it is warranted and appropriate under the circumstances of the case.

In other words, if the administrator of the plan has a good excuse for non-compliance with the beneficiary's request, the Court need not order the $50 to be paid. For example, a revision of the plan might just have been made but delay in printing or in the mails may have prevented delivery of a copy to the beneficiary within 30 days of his request. The Court might find that these circumstances justified the delay, and that no deliberate non-disclosure or concealment contrary to the policy of the statute had occurred, for which the administrator should be penalized.

Even if a jury trial would be proper to collect the debt after it had come into existence, the Court would have "primary jurisdiction" to create the debt, just as an administrative agency has primary jurisdiction to prescribe a reasonable rate to be charged by a railroad. Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 436, 27 S.Ct. 350, 51 L.Ed. 553 (1907); Gen. American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 432–433, 60 S.Ct. 325, 84 L.Ed. 361 (1940). It would not be sensible or conducive to judicial economy to bifurcate the cause of action by a procedure similar to that in *El Dorado*. Once the Court has established the existence of the debt, it should forthwith give judgment for the sum due, without remanding the case for a jury trial. The amount of $50 per day being fixed by statute, there would be no question for determination by the jury, as there would be in a personal injury case, for example, where the jury must exercise its traditional function of assessing the amount of unliquidated damages to be paid.

Hence we conclude that this is a novel statutory remedy, where a jury trial is not required,[4] rather than an action at common law subject to the Seventh Amendment.

The question is one of first impression. Rather than undertake elaborate historical research and examination of the legislative history, we state our view on the matter "off the top of the head" so that appropriate appellate review may be expedited in order that an authoritative determination may be obtained.

tiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

2. The Seventh Amendment provides:
   In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

3. W. S. Holdsworth, A History of English Law (3rd ed. 1923), II, 367; III (3d ed. 1927) 425; Sir Frederick Pollock and Frederic W. Maitland, The History of English Law Before the Time of Edward I (2nd ed. 1898), II, 210.

4. Labor Board v. Jones & Laughlin, 301 U.S. 1, 48–49, 57 S.Ct. 615, 81 L.Ed. 893 (1937); Luria v. U. S., 231 U.S. 9, 27–28, 34 S.Ct. 10, 58 L.Ed. 101 (1913); Brady v. Trans World Airlines, 196 F.Supp. 504, 507–508 (D.Del.1961); 401 F.2d 87, 96 (C.A. 3, 1968). See also Pernell v. Southall Realty Co., 416 U.S. 363, 375, 94 S.Ct. 1723, 40 L. Ed.2d 198 (1974).